**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

PROSPER C. OBIDIEBUBE,

Plaintiff,

v. Civ. No. 26-609 GJF/DLM

PROGRESSIVE INSURANCE COMPANY,

Defendant.

# MEMORANDUM OPINION AND ORDER

This case arises from an automobile accident that occurred in New Mexico and the subsequent dispute that arose over the insured's claim for uninsured/underinsured motorist benefits and extra-contractual damages under the insurance policy in effect at the time. Defendant Progressive Insurance Company ("Defendant" or "Progressive") filed a *Motion to Dismiss for Lack of Personal Jurisdiction* (Dkt. No. 3). Plaintiff Prosper C. Obidiebube ("Plaintiff") opposes the motion, which is fully briefed. *See* Pl.'s Resp., Dkt. No. 8; Def.'s Reply, Dkt. No. 11. Having considered the motion, response, reply, complaint, evidence, and the applicable law, the Court will deny the motion to dismiss for lack of personal jurisdiction without prejudice and permit discovery to proceed.

## I. STANDARD

The personal jurisdiction requirement flows from the Due Process Clause, protecting an individual's liberty interest in avoiding the burdens of litigating in an unfair or unreasonable forum. *Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1210-11 (10th Cir. 2000). Federal Rule of Civil Procedure 12(b)(2) allows a party to assert by motion the defense of lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). The plaintiff bears the burden of establishing personal jurisdiction over the defendant. *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063,

1069 (10th Cir. 2008). A district court has discretion to resolve a motion seeking dismissal for lack of personal jurisdiction "in a variety of ways—including by reference to the complaint and affidavits, a pre-trial evidentiary hearing, or sometimes at trial itself." *Id.* The court may consider all factual pleadings, as well as affidavits and other evidence, but must resolve all factual disputes in the plaintiff's favor. *Id.* at 1070. Where no evidentiary hearing or trial is held, a plaintiff only needs to make a prima facie showing that personal jurisdiction exists. *Id.* at 1070. The Tenth Circuit describes this burden as "light" in the preliminary stages of litigation. *AST Sports Science, Inc v. CLF Distribution Ltd.*, 514 F.3d 1054, 1056 (10th Cir. 2008). If an evidentiary hearing is held, the plaintiff must show personal jurisdiction exists by a preponderance of the evidence. *Dudnikov*, 514 F.3d at 1070 n.4. "[T]o defeat a prima facie showing of jurisdiction, the defendant must demonstrate that the presence of some other considerations would render jurisdiction unreasonable." *Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1159 (10th Cir. 2010). Here, no party requested an evidentiary hearing. Plaintiff thus must make a prima facie showing.

## II. ALLEGATIONS IN COMPLAINT

Plaintiff is a resident (and, the Court infers, a citizen and domiciliary) of Maine. Compl. ¶ 1, Dkt. No. 1-2. Defendant Progressive Insurance Company is an insurer organized and existing under the laws of a state other than New Mexico, but it is authorized to conduct business in New Mexico. *Id.* ¶ 2. Plaintiff and Defendant were insured and insurer under a valid, binding contract for insurance (the "Policy"), which provided coverage for injuries and damages suffered through the acts or omissions of uninsured or underinsured motorists (hereinafter, "UM/UIM coverage"). *Id.* ¶ 3. On or about February 13, 2024, in New Mexico, a third-party owned or operated a motor vehicle that was uninsured or underinsured ("Uninsured Driver"). *Id.* ¶¶ 4, 6. The Uninsured Driver

reversed her vehicle causing a collision with the vehicle directly behind her. *See id.* ¶¶ 7-8. As a result, Plaintiff was injured and suffered damages. *Id.* ¶ 10.

At the time of the accident, the Policy was in effect and Plaintiff reported the claim to Defendant and provided all requested information and documentation. *Id.* ¶¶ 11-12. Despite Plaintiff having performed all conditions precedent to the right to receive payment, Defendant failed to provide reasonable offers to settle Plaintiff's demand for compensation for injuries and damages under the Policy. *Id.* ¶¶ 13, 15.

## III. PROCEDURAL HISTORY

Plaintiff filed suit against Progressive Insurance Company on October 21, 2025, in the Sixth Judicial District Court in New Mexico. Compl, Dkt. No. 1-2. Plaintiff asserts four counts: (1) declaratory judgment as to his rights and Defendant's obligations under the Policy; (2) breach of contract; (3) bad faith and breach of fiduciary duties; and (4) breach of the covenant of good faith and fair dealing. *Id.* ¶¶ 14-36. The State of New Mexico Office of the Superintendent of Insurance accepted service of the summons and complaint on behalf of Progressive on January 16, 2026, and Defendant received the summons and complaint on January 29, 2026. Notice ¶ 2, Dkt. No. 1. On February 27, 2026, Defendant removed the case based on diversity of citizenship and moved to dismiss the complaint for lack of personal jurisdiction. Notice of Removal 1-2, Dkt. No. 1; Def.'s Mot., Dkt. No. 3.

According to Defendant, Plaintiff incorrectly identified it as Progressive Insurance Company, rather than Progressive Southeastern Insurance Co. ("Progressive Southeastern"), which is incorporated in and has its principal place of business in Indiana. Def.'s Mot. 1, Dkt. No. 3; Notice ¶ 4, Dkt. No. 1. Defendant contends that it issued the Policy to its insured in the State of Indiana, its policyholder is an Indiana resident, and thus, it has insufficient contacts with New

Mexico to support this Court exercising jurisdiction over it. *See* Pl.'s Mot. 1-2, Dkt. No. 3. Defendant argues it did nothing directed at New Mexico other than respond to Plaintiff's settlement demands. *See id.* Notably, Defendant attached no evidence in support of either its motion or reply. *See* Pl.'s Mot., Dkt. No. 3; Pl.'s Reply, Dkt. No. 11.

Plaintiff opposes the motion and disputes that it named the incorrect entity. Resp. 6-7, Dkt. No. 8. According to Plaintiff, Progressive Southeastern is the underwriting entity, not the insurer. *Id.* Focusing his analysis on Progressive, rather than Progressive Southeastern, Plaintiff argues that Defendant has significant, purposeful contacts with New Mexico. *Id.* at 7-9.

## IV. ANALYSIS

To show personal jurisdiction in a diversity case, a plaintiff must establish that jurisdiction is proper under the law of the forum state (here, New Mexico), and that the Court's exercise of jurisdiction comports with the Due Process Clause. *Dental Dynamics, LLC v. Jolly Dental Grp., LLC*, 946 F.3d 1223, 1228 (10th Cir. 2020). New Mexico's long-arm statute, N.M. Stat. Ann. § 38-1-16, extends personal jurisdiction as far as constitutionally permissible. *Tercero v. Roman Catholic Diocese of Norwich*, 2002-NMSC-018, ¶ 6, 132 N.M. 312. Because the long-arm statute is coextensive with due process requirements, "it is no longer necessary to determine whether a defendant has committed one of the acts enumerated by our long-arm statute." *M.R. v. SereniCare Funeral Home, L.L.C.,* 2013-NMCA-022, ¶ 8, 296 P.3d 492. Instead, a court looks to what the outer limits of due process allow. *Id.* Due process is satisfied where the defendant has engaged in sufficient acts or minimum contacts with the forum state such that it would reasonably anticipate being brought into court there. *Id.* ¶ 9; *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). The Court's exercise of jurisdiction may not "offend 'traditional notions of fair play

and substantial justice.'" *World-Wide Volkswagen*, 444 U.S. at 292 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

Personal jurisdiction may be satisfied in two ways – through general (all-purpose) jurisdiction or specific (case-linked) jurisdiction. *Ford Motor Co. v. Montana Eighth Judicial District Court*, 592 U.S. 351, 358 (2021). "A court may assert general jurisdiction over foreign corporations to hear any and all claims against them when their affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State." *Old Republic Ins. Co. v. Continental Motors, Inc.*, 877 F.3d 895, 904 (10th Cir. 2017) (ellipsis, internal quotation marks, and citations omitted). "Only a select 'set of affiliations with a forum' will expose a defendant to such sweeping jurisdiction." *Ford Motor*, 592 U.S. at 358. General jurisdiction is limited to a defendant's place of domicile or the equivalent for corporations – its place of incorporation and principal place of business. *Id.* Plaintiff alleges in his complaint that Progressive "is organized and existing under the laws of a state other than New Mexico." Compl. ¶ 2, Dkt. No. 1-2. Because Progressive is not a New Mexico company, general jurisdiction is not at issue. *Cf. Hood v. American Auto Care, LLC*, 21 F.4th 1216, 1221 (10th Cir. 2021) ("The parties agree that general jurisdiction in Colorado is not at issue because AAC is a Florida company.").

Specific jurisdiction, however, "is different: It covers defendants less intimately connected with a State, but only as to a narrower class of claims." *Ford Motor*, 592 U.S. at 359. A court may exercise specific jurisdiction over a nonresident defendant if the defendant has purposefully directed its activities at the residents of the forum and the suit is based on activities that arise out of or relating to those activities. *Hood*, 21 F.4th at 1221 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). This standard is not met by contacts that are random, isolated, or fortuitous. *Ford Motor*, 592 U.S. at 359. Instead, the contacts "must show that the defendant

deliberately 'reached out beyond' its home—by, for example, 'exploi[ting] a market' in the forum State or entering a contractual relationship centered there." *Id.* A single act can support jurisdiction, so long as it creates a "substantial connection" to the forum. *Burger King*, 471 U.S. at 475 n.18.

**A. Progressive Insurance Company is the named Defendant whose forum contacts the Court will consider**

As an initial matter, the Court must determine on which defendant the personal jurisdiction analysis should focus. Defendant asserts that it is incorrectly identified as "Progressive Insurance Company," rather than Progressive Southeastern Insurance Company. Notice of Removal 1, Dkt. No. 1; Def.'s Mot. 1, Dkt. No. 3. According to Defendant, "Progressive Insurance Company" is not an entity capable of being sued and is not registered to do business in New Mexico. Def.'s Reply 2 n.1, Dkt. No. 11. Plaintiff disputes this assertion, noting that Defendant has not made a factual showing to support the claim. Pl.'s Resp. 6, Dkt. No. 8. Indeed, Defendant submitted no evidence in support of its motion, instead relying on the allegations of the complaint and assertions in its brief. The Complaint, however, alleges that Progressive Insurance Company is the insurer subject to the Policy. Compl. ¶ 3, Dkt. No. 1-2.

Defendant nevertheless argues that Plaintiff's Exhibit 1 clearly establishes that Progressive Southeastern is the insurer and proper party. Def.'s Reply 2-3, Dkt. No. 11. Plaintiff attached as evidence the Declarations Page of the Policy. Pl.'s Ex. 1, Dkt. No. 8-1 at 1 of 20. According to the face of Exhibit 1, "Progressive Auto" is listed at the top of the page, with Progressive Southeastern Ins Co" listed below "Underwritten by." *Id.* The Court is unconvinced that this Declarations page conclusively refutes the allegations in the Complaint that Progressive is the insurer and party to the Policy.

Because Plaintiff has sued Progressive Insurance Company, not Progressive Southeastern Insurance Company, the Court's analysis will focus on the contacts of Progressive Insurance

Company with New Mexico. If Plaintiff has sued the wrong entity, Defendant may challenge that factually in either a motion for summary judgment or at trial. But as currently alleged and on this limited record, the Court cannot find as a matter of law that Progressive is not a party to the Policy and must be dismissed. Accordingly, for the personal jurisdiction analysis, the Court will focus on the named Defendant before it: Progressive Insurance Company.

**B. Minimum contacts**

Turning to the contacts Progressive has with New Mexico, Defendant clarifies in its reply that the motion to dismiss is premised on the contacts of Progressive Southeastern, and it "does not argue that "Progressive Insurance Company' is not authorized to do business in New Mexico or that 'Progressive Insurance Company' does not have minimum contacts sufficient to establish personal jurisdiction." Def.'s Reply 2, Dkt. No. 11. Consequently, because Progressive, not Progressive Southeastern, is currently the named Defendant, and Defendant does not contest that Progressive has sufficient minimum contacts with New Mexico, the Court will deny Defendant's motion to dismiss Progressive for lack of personal jurisdiction.

Moreover, Plaintiff requests that the Court grant it an opportunity to conduct discovery on these issues. Pl.'s Resp. 10, Dkt. No. 8. "When a defendant moves to dismiss for lack of [personal] jurisdiction, either party should be allowed discovery on the factual issues raised by that motion." *Budde v. Ling–Temco–Vought, Inc.*, 511 F.2d 1033, 1035 (10th Cir. 1975). A district court has broad discretion to permit jurisdictional discovery. *Bell Helicopter Textron, Inc. v. Heliqwest Intern., Ltd.*, 385 F.3d 1291, 1298-99 (10th Cir. 2004). Given the factual disputes involved as to the correct entity, the relationship between Progressive and Progressive Southeastern, and those entities' connections to New Mexico, the Court alternatively finds that Plaintiff should be granted an opportunity to conduct discovery on these issues. The Court will therefore deny without

prejudice the motion to dismiss for lack of personal jurisdiction but grant Defendant leave to reassert their motion at the conclusion of discovery. *Cf. Kansas Food Packers, Inc. v. Corpak Inc.*, 192 F.R.D. 707, 708-09 (D. Kan. 2000) (where there was insufficient evidence to determine whether defendants' conduct fell within Kansas long-arm statute, court denied defendants' motion to dismiss for lack of personal jurisdiction, granted limited discovery, and granted defendants leave to reassert their motion at conclusion of discovery).

**IT IS THEREFORE ORDERED** that Defendant's *Motion to Dismiss for Lack of Personal Jurisdiction* (**Dkt. No. 3**) is **DENIED** without prejudice. Defendant may refile its motion at the conclusion of discovery.

**THE HONORABLE GREGORY J. FOURATT**
**UNITED STATES MAGISTRATE JUDGE**
***Presiding by Consent***